Case number 19-7121 Darioush Radmanesh Appellant v. Islamic Republic of Iran and Iranian Islamic Revolutionary Guard Corps. Mr. Yanov for the appellant, Ms. Alkady, appointed amicus curiae. May it please the court. My name is Mike Yanov and I represent the appellant Darioush Radmanesh. This case is about protecting an American from Iran's brutal treatment of anyone it disagrees with or wants to intimidate. The very purpose of section 1605A, the terrorism exception to immunity in the FSIA, is to provide Americans abroad protections and make sure they are treated outside of America under well-established bounds of international law. It creates a cause of action for that very The court takes the alleged facts as true given Iran's failure to appear and the default judgment proceeding. These facts include Radmanesh and his family from the outset of Khomeini's takeover in 1979 being held as prisoners in their own home and being told that they were not going to... Has he been held hostage within the terms of the statute? He has been held hostage, your honor. Admittedly, that's a closer call than than torture, but he has been held hostage. His family was held hostage during that time period. But never mind his family. Now he's just he's the plaintiff here, right? Yes, your honor. Okay, now when is he held hostage? He was... Well, if we're moving past the family when he was conscripted into the military and we're not making the argument... Being conscripted into the military is not being held hostage, is it? It's not. We're not making that argument. Okay, let's leave that subject behind us then. When has he been held hostage? Yeah, you're held hostage, your honor, when you are, one, not allowed to leave. You're detained. What does the statute say being held hostage means? It's detained with a threat to kill or continue to detain and compelling that person to do or refrain from doing an explicit or implicit condition for release of the hostage. What was the time here when he was held hostage in that sense, is to say he's under their... Within their custody and control and they're doing it to extract the performance of some other act by him or some other person. Yes, so the kill or be killed order is by itself both torture and hostage taking. It is requiring him to commit an act in order to not just escape, but in order to live. Well, forget about the torture claim on that kill or be killed. They did not say if you kill him, we're going to turn you loose, did they? They did not say that. They didn't make the killing of the Iraqi a condition of his freedom, assuming they're holding him at that point. They didn't make the killing of the Iraqi condition of his freedom, did they? That's true. In fact, they may... So then is it hostage taking within the meaning of the statute? It is, because what they did was they came up even short of releasing. Kill or be killed is... We're not even telling you we're going to release you as a result of this, but you will die because we're holding you at gunpoint if you don't commit what is effectively a war crime. Killing somebody in their sleep who's not engaged is a war crime under the statute. You don't survive this moment unless you commit this war crime. It's actually not a war crime to kill members of hostile forces in an armed conflict when they're not actively fighting. You have to accept a surrender, but you can kill members of hostile forces when they're sleeping. That's a horrible thing, but that's a lawful act under the laws of war. Yeah, and that's the only reason I say arguably. It is an outrageous act. It's not. It's not arguable under the laws of war. Fair enough, Judge Katz. It's fair enough. Fair enough, but to place Rod Monish in that position at gunpoint is far beyond. It's most akin, if I'm to compare it to something, to Russian roulette. That may be, but nonetheless, it's not something where he's being held in custody amounting to that he performed an act. You keep saying he was going to be killed. That takes it out of the range of hostage taking, doesn't it? Because hostage taking involves holding somebody conditional to the performance of an act by themselves or a third person or non-performing. Your point is a fair point. He shot and killed him. If he was in custody then, which of course that's not actually necessarily the case, but if he were, he wasn't released when he killed him, right? True. He was not released as a result. Doesn't that prove that this is not hostage taking? Well, admittedly, the hostage taking is a much closer call than torture is because there's certainly not an explicit condition of release tied to it. What we're arguing is that it's an implicit, if you don't do this, you're not going to be released. Then backing up to his family, I do believe that's relevant because you can be prisoners in your own home, they were, and you can be hostages in your own home, even though it is from his dad, not him directly. I think all of those in totality are hostage taking, but admittedly, that's a much closer call than torture. Torture is not a close call because you need an act by a government official, that's undisputed here, certainly after he was conscripted, that's undisputed, who suffers severe mental or physical pain or suffering, and third, it's intentionally inflicted, meaning it's not just a broad order in the context of military, it's not just a broad order. This court said in Price that that is a non-exhaustive list as to the intent element. The first element's undisputed. Amicus and the district court kind of gloss over the third element, particularly in the kill or be killed order. The kill or be killed order alone establishes intent. This was not a broad order to his entire troop or to the Iranian military in general to go do these things. He was pulled aside, told he was going to be an American martyr in this mission, and then he was told at gunpoint, go kill this sleeping Iraqi soldier. That is intent. He was singled out, and he was told to do this on his own. It is a terrible thing, but is it torture within the meaning of statute? It is torture, your honor. It's torture because it fits within what this court says is universal condemnation. War crime aside, it is universally condemned to force a soldier at gunpoint to go kill somebody else. Suppose you have a group of soldiers in the field, and they come across a uniformed member of the enemy who's sleeping, and the commander says to one of the people in the group, go kill that enemy soldier. Is that anything other than what just unfortunately happens in war as a matter of course? Not necessarily. It wouldn't necessarily satisfy the intent element or the severity element because it's simply an order. There's no punishment associated with it. You're not told at gunpoint. It's not a kill or be killed. In the middle of combat, if a soldier disobeys a lawful order, lots of very harsh things can happen to him. Making the or be killed part of this explicit doesn't seem like a big step from normal wartime horrors. Well, it certainly does if you refuse to obey the order because if you believe the order to be true, then you will die as a result. That there are consequences is a fact of fighting in the military and a fact of being at war, no doubt. But to hold a gun to somebody and say go kill him is implicitly if not expressly saying kill or you will be killed. It is worse than a form of Russian roulette which is torture. The statutory term of mental pain suffering refers to prolonged, excuse me, I'm having trouble focusing, harm caused by or resulting from. What's the prolonged harm that makes this fit within the torture definition in the statute? Well, it's prolonged harm resulting, not prolonged torture. So, the totality of the torture or the length of time that he is tortured is not what the prolonged focus is on. It's the prolonged harm resulting. That's a damages element. If we use it as broadly as you seem to be, then torture becomes anything that has happened to him that might be bothering him for a long time. Can that possibly be what that statute means? It's definitely not what it means. It says this court defined it in price as an act of universal condemnation and a killer being killed is an act of universal condemnation. That's a different element. Here we're looking at Subsection B or I'm asking about Subsection D. What's the prolonged harm here that fits within the mental element? Well, the harm is to put anyone in the position of murder or be murdered, kill or be killed. It is a psychological game that is far beyond any bounds of appropriateness. It wouldn't be appropriate if the American military did it, Iranian military, any military in this world to hold one of your soldiers at gunpoint and say kill or be killed. You have thrown out the phrase universally condemned. Is that with reference to the kill or be killed order? Yes. What do you cite as authority that this is universally condemned? I don't have something this outrageous. What I have are the the Sicipio cases and the Mehinovic cases which we've cited, one out of the District Court in DC and the other out of U.S. District Court in Northern District of Georgia, which cite requiring someone to play Russian roulette as included within the acts that... Okay, so you have two District Court cases and that's it? Yes, I don't have a case talking about kill or be killed orders in a... Well, I thought you might have a citation to an international convention, etc., in response to the points that Judge Katz's questions were making. Don't you have to overcome that in order for your client to fall within the statutory definitions? I don't think so because Russian roulette is not near as severe as kill or be killed. Russian roulette only impacts the individual. According to what? Two District Court judges. I'm just trying to understand this. I mean, they may be correct, but I'm just saying that's all the authority you have. It is. And the international conventions and the law of war have not gone that far, at least explicitly. Yeah, I don't have cases saying that a kill or be killed order is not that either. I don't have either one. Well, that's what I'm trying to understand. What do you need to show? And we have a series of cases including an understanding of why these provisions are construed narrowly. It seems to me that means that you have to come forth with something. And with all due respect, judges may disagree on whether there is a statutory violation, as our cases indicate, where we reverse the District Court judge. That's true, Your Honor. And that's why it's a de novo review. It's not abuse of discretion. It's a de novo review on the law and on whether it's severe enough. And that's what this court ultimately has to determine. Well, I don't have a killer. Is there harm enough in this case? Do they come within the statutory terms on that? If you do not succeed on the kill or be killed incident, is there anything else here that comes within the statute's definitions of torture? Well, I think the totality of the family treatment and everything else, if the single act of kill or be killed... The family treatment? Don't you have to have something about how he is tortured to come within the statute? Well, that's true. That's true, but... That's true, but he's in the household. So it's true, Your Honor. What else do you have that would indicate an incident or incidents in which this plaintiff is tortured? The kill or be killed order is... I say aside from that kill or be killed, if you don't succeed on that, is there another incident that comes within the statutory definition? I don't think any of the other incidents by themselves would constitute torture. I do not believe that. Thank you. You're abandoning the claim based on the beating? I think the beating gives good context for how he and his family were treated since 1979. It's relevant for that. It's certainly relevant for damages. But it's not enough by itself? I don't think it's enough by itself. And it's debatable whether some of that's by Iranian officials specifically, admittedly. Okay. Yeah. All right. Why don't we hear from appointed amicus? Thank you, Your Honor. Erica Hashimoto from the Georgetown Law Center. And with the court's permission, a third-year law student, Diala Al-Qadi will be representing amicus. Thank you very much. We appreciate your assistance to the court. Yes, amicus? Your Honor, and may it please the court. Mr. Rodman Walsh has lived through unspeakable circumstances during his time in Iran. Sorry, can you speak up? I'm not hearing you very well. Mr. Rodman Walsh has lived through unspeakable circumstances during his time in Iran. Circumstances that no individual, let alone a teenager, should endure. But even taken as true, those circumstances do not meet the limited exceptions that Congress has set out in just two days ago. The terms torture and hostage-taking have been defined explicitly and with precision. And Mr. Rodman Walsh has not met his burden that Iran's conduct fits by their definition. Mr. Rodman Walsh was required to establish three elements with respect to torture, custody, severity, and purpose. His allegations that he was tortured before he was conscripted failed because he cites no authority to suggest that the monitoring or prohibition on international travel meet the custody prong within the meaning of torture. As to severity, this court has repeatedly made clear that suffering alone is insufficient. The acts must be extreme, deliberate, unusually cruel, and not the unforeseen or unavoidable incident of some legitimate end. So can I ask you about the beating? Is there any, can you imagine any circumstance in which the government sends out a group of thugs to beat someone up? They don't take him into traditional custody. They just go beat him up and they don't use any torture implements. They just punch him and kick him. Is there any beating on those set of facts that would constitute torture? Suppose they just beat him completely senseless. Wouldn't that be torture? No, your honor, because this court in price has held that not all police brutality and not every instance of excessive force will meet the definition of torture. But in addition, it has to be done for a purpose that's delineated in the statute. Let's just talk about severity for a minute. So we said in price that sustained and systematic beatings can count. And we also said that the key determinant is the degree of pain that's inflicted. So I would think if I particularly the latter point would imply that you could have a, you could have a one-time beating that is severe enough to amount to torture. Your honor, this court in Simpson two, sorry, in Simpson one remanded to the district court where the plaintiff was beaten, interrogated, and threatened with death, finding that that was insufficient to meet the severity requirement of torture. So in the hypothetical that you suggest, that wouldn't still not meet the severity requirement. In fact, in most cases that the district court has looked at with respect to severity, it has found a pattern of abuse, including being kept in stress positions, hung from the ceiling, repeatedly denied medical treatment. And so even in that hypothetical, we don't believe that that would meet the severity requirement that the torture section requires. Mr. Admonish also fails to establish that you're on acted with one of the purposes that the torture definition contemplates. Similarly, your honor did not take Mr. Admonish hostage because he was not held captive for the purpose of enticing any third party action. As this court in price held, detention for the purpose of moral symbolism is not hostage taking. Mr. Admonish's experiences are awful and harrowing, but the reason that the unless the acts rise to the level of universal condemnation, they will not bring foreign governments within the jurisdiction of US courts. And if the court has no further questions, this court should affirm. Any further questions? No further. All right. Thank you, counsel. Amicus. All right. So counsel for appellant. Thank you, your honor. As to the severity element, it can be tempting to look at the cases just against Iran. They're well, well noted and documented throughout numerous courts, as in a case, Sicipio, Frankel, Kilburn, Maradi cases involving kidnapping, murder, genital electrocution, solitary confinement with no purpose at all, not tied to a rational imprisonment. It can be easy to look at the extremely high bar that Iran has set for severity and torture, including of Americans and say, well, this one's not quite as bad as the others. And the problem is it rewards Iran for setting their own bar so high for torturing Americans who happen to be in their country or not even in their country when it's Hamas or others that kidnap them. And it's they've set the bar so high that to fall short of that is something less than torture as you can have. It is not. It is far beyond Russian roulette. It's not play a game and you may get killed. It is kill or be killed. It is forcing someone who is unwilling to do so to go murder somebody. If that order had been to the Iranian soldiers in general, it undoubtedly would not satisfy torture because it wouldn't satisfy the intent element. But the kill or be killed order at gunpoint by itself is not only severe, but it also satisfies the intent. What that is worth and whether that it prolongs harm in such a way that it that it is worth X dollar amount is a damages question remains, which remains to be determined by the district court. I'd ask that the court reverse and render default judgment. Thank you. We'll take the case under advisement.
judges: Rogers, Katsas, Sentelle